ANONYMOUS, Petitioner, *v.* ANONYMOUS, Respondent.

Domestic Relations Court of New York, Family Court, Richmond County, September 26, 1939.

No appearance by attorney.

SICHER, J. Petitioner first invoked the aid of the Family Court Division on July 26, 1935, in New York county. The parties had then been living apart for six months, and petitioner, a graduate nurse, had been supporting herself and the one child of the marriage. At that time a support order of twenty-five dollars a week was entered on consent, followed by a reconciliation and the birth of a second child.

However, by August 5, 1936, the parties had again separated and the proceeding in New York county was thereupon revived and fresh steps were taken therein, including October 20, 1936, clinical examinations of both petitioner and respondent which showed each of them to be a person of superior intelligence.

On December 7, 1937, the petitioner caused the New York county proceeding to be withdrawn, and on the next day filed a new petition in Queens county.

And in that petition her address was first typed in as a stated address in Queens county but in ink was changed to a certain address on Staten Island.

On January 5, 1938, a support order of ten dollars a week was entered in Queens county, upon the written agreement of the parties. Thereupon, between August 12, 1938, and July 21, 1939, there were various hearings and decisions in the Queens County Family Court, including an increase of the consent order first to twelve dollars a week and then to fifteen dollars a week. But on July 21, 1939, the proceeding in Queens county was dismissed upon petitioner's statement that she desired such dismissal to enable her to begin a new proceeding in Richmond county.

On July 28, 1939, a petition was filed here in Richmond county; and on August 21, 1939, a support order of fifteen dollars a week was entered, again on the written agreement of the parties.

But already on September 8, 1939, the parties appeared before the court, at the instance of petitioner, because she had found inadequate the stipulated fifteen dollars weekly sum.

Upon the hearing that day the court questioned respondent under oath concerning his earnings as dentist, and petitioner herself cross-examined him with admirable skill. But such inquiry developed no evidence of respondent's ability to contribute at this time any sum beyond the fifteen dollars weekly amount stipulated in the August 21, 1939, agreement of the parties.

That sum, of course, represents a division, between two homes, of an income which would be meager enough for a single, united home of a family of the mental level and education of these parties. So, realizing that harsh fact, petitioner urged that respondent again set up a common household for himself, petitioner and their

two children.  Respondent, however, refused to accede to that plan, and exhibited considerable agitation at the prospect of resuming propinquity with petitioner, testifying that he was still under psychiatric care for emotional disturbances growing out of the marriage.

Petitioner earnestly argued that respondent had no legal right to continue living separate from her and the children, and she pleaded with the court to order respondent to join in and carry out petitioner's plan, predicated on the obviously sound economic principle of a pooling of income and living expenses.

In deference to petitioner's earnestness the court reserved decision on her contention as to the legal duty of respondent to restore a common household contrary to his desires and on the question of the power of this court to make such an order.

Reflection and research necessarily confirm my first impression of the complete lack of such power.  The Domestic Relations Court of the City of New York is a statutory court of limited jurisdiction.  The Legislature has expressly authorized it to enforce the legal duty of a husband to pay for the support of his wife and children a fair and reasonable sum according to his means or his ability to earn such means (Dom. Rel. Ct. Act, § 101); and there is also the grant of power to make an effort to restore harmonious relations by conciliation and agreement.  (Dom. Rel. Ct. Act, § 118.)  But not even the Supreme Court of the State of New York, in the exercise of its general equity jurisdiction, would have the power to force a husband to resume living with his wife.  England provides proceedings for restoration of conjugal rights.  But, outside of Louisiana, that procedure does not exist in this country.  (See 30 C. J. 512, 513.)

One other phase calls for discussion.  For, during the interval since the September 8, 1939, hearing, petitioner, called at the office of the clerk of this court and expressed a desire for dismissal of the proceeding in this court to enable her to file a new petition again in Queens county.  By my direction this request of petitioner was telephoned to respondent, and it has been reported to me that respondent is unwilling to acquiesce.

On January 9, 1936, the board of justices of this court adopted a rule that " no case should be  *  *  *  dismissed for the purpose of enabling the petitioner to file a new petition in another county unless both parties  *  *  *  have removed from the county of original jurisdiction."

In this case the petitioner, I assume, is still a resident of Staten Island, and, indeed, she may have been residing in Staten Island already at the time of the filing of the previous petition in Queens

county on December 8, 1937; and, as above stated, petitioner has previously invoked the intervention of the Family Court Division in New York county as well as in Queens county and here in Richmond county.

So strong reasons must be presented before a new petition could now be received in Queens county.

I have prepared this lengthy memorandum primarily for the parties themselves, so that they may know that their contentions have been carefully weighed. They are both so far above the usual level of intelligence of parties coming before this court that I am encouraged to believe that they may be swayed by an appeal to their minds. The temperamental and emotional differences between them appear too deep rooted to justify any reasonable hope of another lasting reconciliation. But as persons of uncommon intelligence and education they ought to be able to reach an understanding as to their financial problem dispassionately and analytically. No useful purpose would be served, and only harm can flow, from attitudes and maneuvers engendered by bitterness and disappointment at the parties' original high hopes for the success of their marital venture.

The matrimonial differences between the parties have indubitably impaired respondent's social standing in the local community and depressed his earnings as a dentist; and the more frequently he is required to appear in court the more those earnings are likely to drop and the greater his disinclination to discharge his moral and legal duty toward the petitioner and the children.

Petitioner is voluntarily doing her full and valiant part; surely the respondent, as a man, ought to feel actuated to do his part with equal energy and with like sense of responsibility to the two young beings he has brought into the world.

For the foregoing reasons, there is necessarily hereby denied petitioner's application for an order of this court requiring respondent to consolidate his home with that of petitioner and their children; and there is also hereby denied petitioner's informal application for dismissal of the petition for the purpose of enabling her to file a new one in Queens county.

However, nothing in this memorandum should be construed as intended in any sense or to any degree to relieve respondent of his legal duty of support as husband and father, and the current order of this court is hereby continued, subject to the right of either party to apply for a modification, upwards or downwards, in the event of any material change of circumstances from time to time.

A copy of this opinion is being filed herewith, together with two carbon copies, one of which is to be transmitted by the clerk of this

court to the petitioner and the other to the respondent; and this opinion, as so filed, shall constitute the order of this court upon the subject-matter of the September 8, 1939, hearing and dispense with the attendance of both parties at the September 29, 1939, adjourned date.